# EXHIBIT A

# SUPREME COURT OF THE STATE OF NEW YORK

**COUNTY OF NEW YORK**

---

**JUSTIN GOLDMAN**,
Plaintiff,

-against-

**SONY MUSIC ENTERTAINMENT**,
Defendant.

**Index No.:** _____

**SUMMONS**

Plaintiff designates **New York County** as the place of trial.
The basis of venue is Defendant's principal place of business at **25 Madison Avenue, New York, NY 10010**.

---

**To the above-named Defendant:**

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer on the Plaintiff within **20 days after service of this Summons** (exclusive of the day of service), or within **30 days after service is complete** if this Summons is not personally delivered to you within the State of New York.

If you fail to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

**Dated:** October 28, 2025
**New York, New York**

---

**Justin Goldman**
Plaintiff, Pro Se
15 West 55th Street, New York, NY 10010

# SUPREME COURT OF THE STATE OF NEW YORK

**COUNTY OF NEW YORK**

---

**JUSTIN GOLDMAN**,
Plaintiff,

-against-

**SONY MUSIC ENTERTAINMENT**,
Defendant.

Index No.: _____

---

# VERIFIED COMPLAINT

## NATURE OF THE ACTION

1. Plaintiff **Justin Goldman** ("Plaintiff") brings this action against **Sony Music Entertainment** ("Sony" or "Defendant") for **willful copyright infringement**, **conversion**, and **unjust enrichment** arising from the unlawful use, exploitation, and monetization of the musical work titled **"AF1" by Lilbubblegum**, including **all remixes and derivative versions** (collectively, the "Works").
2. Plaintiff is a **lawful copyright holder** in the underlying musical composition and master sound recording embodied in the Works.
3. Defendant, through its affiliates, labels, and distributors, released and monetized the Works **without license, authorization, or compensation** to Plaintiff.
4. Despite **multiple direct attempts to resolve the matter with the artist and associated parties**, those individuals falsely claimed that they held a valid license.
   In reality, **no such license has ever been granted**, and **no agreement exists** with Plaintiff.
5. Plaintiff has made every effort to resolve this issue before filing suit, but Defendant and its affiliates have continued to exploit the Works commercially and publicly.
6. Plaintiff is in the **process of formal copyright registration** for the Works, which has been temporarily **delayed due to the ongoing federal government shutdown**, and will promptly provide the official certificate once processed.
7. Plaintiff seeks damages in the amount of **no less than $1,000,000**, plus punitive damages for willful and knowing misconduct.

## THE PARTIES

8. **Plaintiff Justin Goldman** is an individual residing in New York County, New York, and is a copyright holder and owner of rights in the musical work "AF1."
9. **Defendant Sony Music Entertainment** is a Delaware limited liability company with its principal place of business at **25 Madison Avenue, New York, NY 10010**, engaged in music production, distribution, and exploitation on a global scale.

## JURISDICTION AND VENUE

10. Jurisdiction is proper pursuant to CPLR §§ 301 and 302 because Defendant conducts substantial and continuous business in New York County.
11. Venue is proper in this County pursuant to CPLR § 503, as Defendant's principal office is located in New York County.

## FACTUAL ALLEGATIONS

12. Plaintiff is a copyright holder and owner of protectable rights in the musical work "AF1," created and distributed without Plaintiff's consent.
13. Defendant, through its artist **Lilbubblegum** and affiliated channels, commercially released and monetized "AF1" and multiple remixes **without a license or agreement** from Plaintiff.
14. Plaintiff contacted the artist and representatives directly on several occasions to clarify and resolve the issue. Those parties falsely claimed to possess a license covering the Works, which is **categorically untrue**.
15. At no point did Plaintiff authorize any party to grant or sublicense the Works to Defendant or its affiliates.
16. Defendant has profited substantially from the continued use, distribution, and monetization of the Works while Plaintiff has received nothing.
17. Sony's conduct constitutes **willful copyright infringement** and **conversion** of Plaintiff's intellectual property and has **unjustly enriched** Defendant at Plaintiff's expense.

## FIRST CAUSE OF ACTION

**Willful Copyright Infringement**

18. Plaintiff repeats and realleges the foregoing paragraphs.
19. Defendant has infringed Plaintiff's exclusive rights under 17 U.S.C. §106 by reproducing, distributing, and publicly performing the Works without authorization.

20. The infringement is **willful and deliberate**, constituting a blatant violation of federal law and industry norms. See *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792 (6th Cir. 2005) ("Get a license or do not sample."); *UMG Recordings, Inc. v. MP3.com, Inc.*, 92 F. Supp. 2d 349 (S.D.N.Y. 2000).
21. Plaintiff seeks damages of **no less than $1,000,000**, together with punitive damages and injunctive relief.

## SECOND CAUSE OF ACTION

**Conversion**

22. Defendant wrongfully exercised dominion and control over Plaintiff's intellectual property and revenue derived therefrom, depriving Plaintiff of rightful ownership and payment.
23. As a result, Plaintiff has sustained substantial monetary damages exceeding **$1,000,000**.

## THIRD CAUSE OF ACTION

**Unjust Enrichment**

24. Defendant has been unjustly enriched through the unlicensed use and exploitation of Plaintiff's property.
25. It would be inequitable and contrary to good conscience for Defendant to retain such profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. For compensatory damages of **no less than $1,000,000**;
B. For **punitive damages** for willful and malicious infringement;
C. For **disgorgement of profits** unjustly obtained by Defendant;
D. For **injunctive relief** prohibiting further exploitation of the Works;
E. For **costs and disbursements** of this action; and
F. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## VERIFICATION

**STATE OF NEW YORK**
**COUNTY OF NEW YORK**

I, **Justin Goldman**, being duly sworn, depose and say:
I am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The same is true to my own knowledge, except as to matters stated to be on information and belief, and as to those matters I believe them to be true.

**Dated:** October 28, 2025
**New York, New York**

**Justin Goldman**
Plaintiff, Pro Se

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK

Index No. 659403/2025
Calendar No. 10/28/2025

JUSTIN GOLDMAN

Plaintiff(s) Petitioner(s)

against

SONY MUSIC ENTERTAINMENT

Defendant(s) Respondent(s)

**AFFIDAVIT OF SERVICE**

STATE OF DELAWARE, COUNTY OF: NEW CASTLE Ss.:

The undersigned, being sworn, says: Deponent is not a party herein, is over 18 years of age and resides at Wilmington, DE

On 10/30/2025 at 12:15 P .M., at C/O CORPORATION SERVICE COMPANY, 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808 deponent served the within

☐ summons and complaint
☐ subpoena duces tecum
☐ citation
☒ SUMMONS; VERIFIED COMPLAINT;

on SONY MUSIC ENTERTAINMENT

☒ defendant  ☐ witness  hereinafter called the recipient therein named
☐ respondent

**INDIVIDUAL 1.** ☐ by delivering a true copy of each to said recipient personally; deponent knew the person so served to be the person described as said recipient therein.

**CORPORATION 2.** ☒ a DELAWARE corporation, by delivering thereat a true copy of each to LYNANNE GARES personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be MANAGING AGENT EMPLOYED AT REGISTERED AGENT thereof

**SUITABLE AGE PERSON 3.** ☐ by delivering thereat a true copy of each to a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO DOOR, ETC. 4.** ☐ by affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4 5A.** ☐ Deponent talked to                at said premises who stated that recipient ☐ lived ☐ worked there. Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipient's last known residence, at                and deposited said envelope in an official depository under exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4 5B.** ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to recipient at recipient's actual place of business, at                in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

**DESCRIPTION ☒**

| | | | | | |
|---|---|---|---|---|---|
| ☐ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☒ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☒ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

**WITNESS FEES** $                the authorizing traveling expenses and one days' witness fee:   ☐ was paid (tendered) to the recipient                ☐ was mailed to the witness with subpoena copy.

**MILITARY SERVICE** ☐ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on 10/30/2025

DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 1, 2028

License No.
GILBERT DEL VALLE
BRANDYWINE PROCESS SERVERS, LTD., PO BOX 1360, WILMINGTON, DE 19899

1 of 1